# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JONATHAN DAVID WILKE,**
   **Plaintiff,**

  v.                Case No. 17-C-1640

**LT. MONTANO,**
   **Defendant.**

## SCREENING ORDER

The plaintiff, who is confined at the Milwaukee County Jail, is representing himself. He filed a complaint alleging that the defendant violated his constitutional rights. This matter comes before the court on plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*) and to screen the complaint.

Plaintiff has been assessed and paid an initial partial filing fee of $14.64. *See* 28 U.S.C. § 1915(b)(1). I will therefore grant his motion to proceed without prepayment of the filing fee. I will collect the rest of the filing fee as explained at the end of this order.

### Standard of Review for Screening Complaint

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled

to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)

(citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## Complaint's Allegations

Plaintiff sues defendant Lt. Montano, who works at the Milwaukee County Jail, in her individual and official capacities. He alleges that on September 16, 2017, he was placed in segregation for allegedly possessing weapons in violation of jail rules. On September 19, 2017, defendant held a rule violation hearing. Plaintiff was found guilty of possessing weapons and sentenced to twenty-eights days in disciplinary segregation. Plaintiff was then held in segregation an additional twenty-five days as a "max inmate" because of the "serious allegation of possessing weapons." On November 8, 2017, plaintiff was released from the jail's segregation pod.

Plaintiff alleges that defendant violated his due process rights at the rule violation hearing because, (1) he did not receive a copy of the rule violation before the hearing; (2) he did not have the opportunity to produce witnesses, review physical evidence, or review the jail's security camera recording to try to prove his innocence at his hearing; and (3) he was not provided with a "Statement of Reasons" after the hearing as to why he was found guilty and why he received the discipline he received, nor was he made aware of any right to appeal the decision.

On September 21, 2017, plaintiff filed a grievance alleging due process violations at his hearing. The grievance "was ignored." On September 28, 2017, plaintiff wrote a

"Prisoners' Request" in which he sought a response to his grievance. He has not received a response to his grievance or his Prisoner Request.

Plaintiff seeks injunctive relief ordering defendant to expunge the violation from his disciplinary record. He also seek $53,000 damages for the fifty-three days he spent in segregation.

## Discussion

"A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002) (citing *Rapier v. Harris*, 172 F.3d 999, 1004-05 (7th Cir. 1999); *Mitchell v. Dupnik*, 75 F.3d 517, 524-25 (9th Cir.1996)). Under *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974), the following procedural protections are required when an inmate's liberty interest is at stake: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence, when doing so is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Furthermore, although the Court did not prescribe the following, the Court stated that, if institutional safety requires the omission of certain evidence at a disciplinary hearing, "it would be useful for the [hearing officer] to state [his] reason for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases." *Id.* at 566.

Plaintiff may proceed on a due process claim against defendant in her individual capacity based on his allegations that defendant held a disciplinary hearing and that

4

plaintiff was placed in segregation without receiving a copy of the rule violation prior to the hearing, that he was not allowed to produce witnesses or otherwise attempt to prove his innocence at the hearing, and that he did not receive the hearing disposition after the hearing. However, plaintiff does not allege that defendant acted pursuant to a jail policy or custom and, therefore, he may not proceed on an official capacity claim against defendant. *See Holmes v. Sheahan*, 930 F.2d 1196, 1199 (7th Cir. 1991) (citing *Monell v. New York Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978)).

## ORDER

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to order Milwaukee County Jail to forward initial partial filing fee (ECF No. 10) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendant.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, the defendant shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the $335.36 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to

20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined. A copy should also be sent to Dennis Brand at the Milwaukee County Safety Building.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's

electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2018.

**s/ Lynn Adelman**
LYNN ADELMAN
U.S. District Judge